FILED'06 NOV 06 15:1 9USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUCHARIA NWEREM,

        Plaintiff,

     v.

CITY OF PORTLAND/THE PORTLAND POLICE BUREAU;
MULTNOMAH COUNTY/FARRELL ASSOCIATES;
JUVENILE COURTS; CASCADIA BEHAVIORAL
HEALTHCARE, INC.; METROPOLITAN PEDIATRICS , LLC,

        Defendants.

No. CV 06-1054-MO

ORDER DISMISSING
PLAINTIFF'S COMPLAINT

**MOSMAN, J.,**

On July 24, 2006, plaintiff filed a complaint (#2) against named defendants.

Subsequently, on July 28, 2006, plaintiff amended her complaint (#5), alleging claims of

negligence, child abuse, aggravated harassment, equal justice discrimination, attempt to destroy,

attempt to drive insane, and failure to provide services. Now pending before the court are

various motions, including defendants' motions to dismiss (#s 14, 19, 34, 37, 52) plaintiff's

second amended complaint. Defendants contend, among other things, this court lacks

jurisdiction over plaintiff's claims and those claims should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(1) & (6). The court agrees.

PAGE 1 - ORDER

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer federal question and diversity jurisdiction respectively. Under either statute, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. *See Id.*; *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). A pro se plaintiff must follow the same procedural rules as any other litigant. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). A pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, [and] (2) a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When it appears that the court lacks subject matter jurisdiction, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

When the plaintiff appears pro se, the court must liberally construe the plaintiff's inartful pleading. *Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1997). Dismissal of a pro se complaint without leave to amend is proper only if it is clear the complaint could not be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, even construing plaintiff's complaint liberally, plaintiff has failed to establish either federal question or diversity jurisdiction and dismissal is appropriate. As explained below, plaintiff's jurisdictional deficiencies cannot be cured by amendment.

I.    Federal Question Jurisdiction

To establish federal question jurisdiction, a plaintiff must allege facts that establish federal law creates the cause of action or that the vindication of rights under state law necessarily turns on some construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citations omitted). Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question is presented on the face of the

PAGE 2 - ORDER

plaintiff's properly pleaded complaint. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).

In the instant case, the court finds, while construing plaintiff's inartful pleading liberally, plaintiff has failed to raise a federal question. Plaintiff's alleged claims of negligence, child abuse, aggravated harassment, equal justice discrimination, attempt to destroy, attempt to drive insane, and failure to provide services may constitute state law claims but do not give rise to federal question jurisdiction.

II.    Diversity Jurisdiction

Under 28 U.S.C. § 1332, diversity jurisdiction is established when each defendant is a citizen of a different state from each plaintiff and the amount in controversy exceeds $75,000. *See Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). A person is a citizen of his or her state of domicile which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). An individual's place of residence is prima facie evidence of her domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). In this case, there is no diversity of citizenship. In her amended complaint, plaintiff provided her residence is in Portland, Oregon. Similarly, defendants Cascadia Behavioral Healthcare, Inc., Metropolitan Pediatrics, LLC, City of Portland[1], and Multnomah County/Farrell Associates are citizens of Oregon. *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of any State in which it is incorporated and in which it has its principal place of business). Furthermore, defendant Juvenile Courts, a state entity under ORS 1.001, 8.170, 8.235, is not a citizen for purposes of diversity jurisdiction. *See State Highway Comm of Wyo. v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929); *Texas Dep't of Hous. And Cmty. Affairs v. Verex Assurance Inc.*, 68 F.3d 922, 926 (5th Cir. 1995).

---

[1]The Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle through which the city fulfills its police functions. *See e.g.*, *Kleinman v. Multnomah County, et al.*, 2004 U.S. Dist. Lexis 21466, at 27-28 (D. Or. Oct. 15, 2004); *Keller v. City of Portland*, Civil No. 98-263-ST, Findings and Recommendation dated November 13, 1998, (Doc. #36), adopted by Chief Judge Ancer L. Haggerty, Order dated February 12, 1999 (Doc. #60).

Accordingly, this court lacks jurisdiction and defendants' motions to dismiss (#s 14, 19, 34, 37, 52) are GRANTED, and the remaining pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this _____ day of November, 2006.

MICHAEL W. MOSMAN
United States District Court

PAGE 4 - ORDER